# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George M. Marovich | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 510 | **DATE** | 7/15/2004 |
| **CASE TITLE** | Cortes vs. Midway Games. Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
      ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER. Midway's motion to dismiss is granted.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | | Document Number |
|---|---|---|---|---|---|
| | No notices required. | | number of notices | | |
| | Notices mailed by judge's staff. | | | | |
| | Notified counsel by telephone. | | JUL 16 2004 date docketed | | |
| ✓ | Docketing to mail notices. | | | | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | | |
| | Copy to judge/magistrate judge. | | | | |
| JD | courtroom deputy's initials | | date mailed notice | | |
| | | Date/time received in central Clerk's Office | | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RIGOBERTO CORTES,     )
             )
   Plaintiff,     )
             )  Case No. 04 C 0510
   v.        )
             )  Judge George M. Marovich
MIDWAY GAMES, INC.,    )
             )
   Defendant.    )

DOCKETED
JUL 16 2004

MEMORANDUM OPINION AND ORDER

Plaintiff Rigoberto Cortes ("Cortes") filed a two-count Complaint against his

employer, Midway Games Inc. ("Midway") on January 23, 2004. Cortes alleges that

Midway violated 42 U.S.C. § 1983 and breached its fiduciary duty by changing to a new

insurance provider that does not supply the same level of care. Cortes seeks injunctive

relief requiring Midway to provide the same level of insurance benefits that it provided in

the past. In response, Midway now moves to dismiss pursuant to Federal Rules of Civil

Procedure 12(b)(1) and (6). For the reasons set forth below, the Motion to Dismiss is

granted.

BACKGROUND

Cortes is an employee of Midway, who participates in Midway's medical

insurance plan, which was provided by Blue Cross Blue Shield of Illinois ("BCBS") until

September 1, 2003. Under that plan, Cortes received coverage for his son's spinal

muscular atrophy, a severe, chronic medical condition requiring constant monitoring. As

part of its service, BCBS provided the Cortes family with 112 hours per week of in-home

health care from a registered nurse year round. On September 1, 2003, Midway changed

its insurance provider to United Health Care ("United"). This new company only provides sixteen hours per day of in home health care from a registered nurse for 120 days per calendar year. United fulfilled its obligations to the Cortes family for the last four months of 2003 and indicated its intention to fulfill its obligation for the first four months of 2004.

DISCUSSION

I.     Standard for a Motion to Dismiss

When considering a motion to dismiss, a court must view the complaint's allegations in the light most favorable to the plaintiff, and all well-pleaded facts in the complaint must be accepted as true. Wilson v. Formigoni, 42 F.3d 1060, 1062 (7th Cir. 1994). Dismissal is proper only if it appears beyond a doubt that plaintiff can prove no set of facts in support of a claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

II.     Section 1983 Claim

In its Motion to Dismiss, Midway contends that the § 1983 claim should fail because Cortes cannot establish the required cause of action to assert valid subject matter jurisdiction. Section 1983 states:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. To develop a cognizable claim, Cortes must show: 1) he was deprived of a right secured by the Constitution and laws of the United States; and 2) the conduct

complained of was committed under color of law. Fries v. Helsper, 146 F.3d 452, 457 (7th Cir. 1998). "Section 1983 is not a jurisdictional statute; it is an enabling statute allowing individuals to sue state officers." Anderson v. Luther, 521 F. Supp. 91, 96 (N.D. Ill. 1981). "In order to allege a federal cause of action . . . plaintiff must allege . . . a violation of some federally protected or constitutionally guaranteed right." Moore v. Kusper, 465 F.2d 256, 258 (7th Cir. 1972). Although Cortes fails to state exactly which statute grants this Court jurisdiction, the possible statutes are 28 U.S.C. §§ 1331 and 1343(a)(3) and (4). In order to establish jurisdiction under § 1331, the catchall federal-question provision, the alleged claim must arise under the laws of the United States and cannot be made for the sole purpose of obtaining jurisdiction. Bell v. Hood, 327 U.S. 678, 682-83 (1946). "28 U.S.C. § 1343(a)(3) and (4) generally provide federal courts with jurisdiction over civil actions brought to redress constitutional deprivations under color of state law." Chavez v. Illinois State Police, No. 94 C 5307, 1996 U.S. Dist. LEXIS 1540 at *9 (N.D. Ill. February 9, 1996). Section 1343(a)(3) and (4) state:

> (a) The district court shall have original jurisdiction of any civil action authorized by law to be commenced by any person
> (3) To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States;
> (4) To recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights, including the right to vote.

28 U.S.C. § 1343(a)(3) and (4). Furthermore, "[t]he plaintiff has the burden of demonstrating that the district court has subject matter jurisdiction." Id. at 7.

Cortes contends that he stated a § 1983 claim because he was deprived of the right to maintain the same medical insurance coverage that was previously provided by

Midway. He claims that this right was recognized by the district court in Wayne Chemical, Inc. v. Columbus Agency Service Corp, 426 F. Supp 316 (N.D. Ind.), aff'd, 567 F.2d 692 (7th Cir. 1977). However, that case deals with the failure of an insurance agency to provide the services that it contracted to perform. There was no discussion, in either the District Court or the Seventh Circuit opinions, even in dicta, creating an obligation on the part of the employer to continue providing equivalent medical insurance to its employees. Accordingly, Cortes fails to show which federal right was deprived by Midway's change of insurance providers. As such, Cortes has not stated a claim sufficient under any of the relevant statutes to establish jurisdiction.

Assuming this Court had valid jurisdiction, the claim also fails to state a valid cause of action. To prove that a private entity was in violation of § 1983 by acting under color of law, Cortes must show that the state controls Midway's actions or that the state delegated a public function to Midway. Payton v. Rush-Presbyterian, 184 F.3d 623, 628 (7th Cir. 1999). The existence of detailed regulations of a private entity does not make the entity a state actor. Jackson v. Metropolitan Edison Co., 419 U.S. 345, 350 (1974). Encouragement and support are not enough to find a private entity to be a state actor, rather the state must utilize some coercive power so that the choice would be deemed to be that of the state. Hinman v. Lincoln Towing Service Inc., 771 F.2d 189, 192 (7th Cir. 1985). In this case, the mere fact that state and federal laws regulate employee insurance policies is insufficient to show that Midway is a state actor. Neither the federal government nor the State of Illinois coerced Midway nor were either involved in Midway's decision to change their insurance plans. Accordingly, Cortes's § 1983 claim fails to state a cause of action.

4

III.    Breach of Fiduciary Duty Claim

Cortes also incorrectly contends that § 1331 grants this Court subject matter jurisdiction over his claim that Midway breached its fiduciary duty. It is well settled that a federal district court "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Federal common laws are rules fashioned by court decisions and fall within the term "laws" which grant the court jurisdiction. National Farmers Union Insurance v. Crow, 471 U.S. 845, 850 (1985). The court should only create federal common law in two narrow circumstances: 1) when it is necessary to protect a unique federal interest; or 2) when Congress has given the courts the power to develop substantive law. Northrop Corp. v. AIL Systems Inc., 959 F.2d 1424, 1426 (7th Cir. 1992).

Cortes incorrectly states that a federal common law cause of action for breach of fiduciary duty was created in Pegram v. Herdrich, 530 U.S. 211 (2000). In that case, the issue was whether a physician who was part-owner of an HMO was acting as a fiduciary under the meaning of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001 et seq., when making treatment decisions. Pegram, 530 U.S. at 214. In determining what actions define a fiduciary within ERISA, the Court cited a secondary authority and commented on the types of activities that characterize a fiduciary at common law. Id. at 231. (citing Bogert & Bogert, Law of Trusts and Trustees, §§ 551, 741-47, 751-75, 781-99). However, the Court did not explicitly, or implicitly, establish a cause of action or recognize an employer's breach of fiduciary duty as a federal common law claim. Furthermore, the Court did not describe, and this Court does not find, a unique federal interest or authority from Congress to establish such a claim. Since the

Supreme Court previously noted the narrow circumstances in which federal common law could be established, it seems highly unlikely that they intended to create such a claim in that case.

Furthermore, when the Sixth Circuit recognized subject matter jurisdiction over a federal common law cause of action for fraud and misrepresentation, they cautioned that a plaintiff must proffer reasoned arguments that require answering. Musson v. Modernage Photo Services, 89 F.3d 1244, 1248-1249 (6th Cir. 1996). A plaintiff cannot obtain federal jurisdiction by simply alleging a federal common law question, there must be substantive, thoughtful questions that necessitate the district court's attention. Id. In the current case, however, Cortes shows no unique questions or reasoning that warrant the determination of a federal claim for breach of fiduciary duty or the establishment of such a cause of action. This claim is therefore dismissed as there is no basis for this court to exercise subject matter jurisdiction over the matter of breach of fiduciary duty.

## CONCLUSION

For the reasons set forth above, Midway's Motion to Dismiss is granted.

ENTER:

George M. Marovich
United States District Judge

DATED: July 15, 2004

6